**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**COLUMBIA DIVISION**

| | |
|---|---|
| AAO INVESTMENTS, INC., | C/A No.: 3:26-cv-00909-JFA |
| Plaintiff, | |
| vs. | **STATE FARM FIRE AND CASUALTY COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT** |
| STATE FARM FIRE AND CASUALTY CO., | |
| Defendant. | |

Defendant, State Farm Fire and Casualty Company ("State Farm"), hereby answers the Complaint of Plaintiff AAO Investments, Inc. ("Plaintiff"), as follows:

**FOR A FIRST DEFENSE**

Each and every allegation in the Complaint not specifically admitted herein is denied and State Farm demands strict proof thereof.

**FOR A FIRST CAUSE OF ACTION**
(Bad Faith Refusal to Pay First Party Benefits)

1. Upon information and belief, State Farm admits the allegations contained in Paragraph 1 of the Complaint.

2. Regarding the allegations in Paragraph 2 of the Complaint, State Farm admits it is a company with its principal place of business in Illinois that conducts business in the state of South Carolina. The remaining allegations in Paragraph 2 are denied as written and State Farm demands strict proof thereof.

3. Answering Paragraph 3 of the Complaint, State Farm admits it issued State Farm Policy No. 99-C6-W889-6 (the "Policy") to the Plaintiff insuring 312 Oak Brook Drive, in Columbia, South Carolina (the "Property"). State Farm denies the remaining allegations of Paragraph 3 and demands strict proof thereof.

4.	Paragraph 4 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, State Farm denies the allegations contained in Paragraph 4 of the Complaint and demands strict proof thereof.

5.	Paragraph 5 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, State Farm denies the allegations contained in Paragraph 5 of the Complaint and demands strict proof thereof.

6.	Answering Paragraph 6 of the Complaint, State Farm admits it issued the Policy to the Plaintiff insuring the Property.

7.	Responding to the allegations contained in Paragraph 7 of the Complaint, State Farm admits Plaintiff submitted Claim Number 40-69F9-73K (the "Claim") to State Farm to recover certain costs of repairs to the Property and that State Farm contacted professionals to evaluate damage to the Property. The remaining allegations are denied as written and State Farm demands strict proof thereof.

8.	Answering Paragraph 8 of the Complaint, the Policy speaks for itself, and State Farm denies any allegations in Paragraph 8 that are inconsistent with the terms of the Policy. Accordingly, State Farm admits it provided the coverages set forth in the Policy. State Farm denies the remaining allegations of Paragraph 8 and demands strict proof thereof.

9.	State Farm admits the allegations in Paragraph 9 of the Complaint but denies any allegations that may be construed to allege that State Farm is liable for bad faith failure to pay first party insurance benefits to Plaintiff.

10.	Answering Paragraph 10 of the Complaint, the Policy speaks for itself, and State Farm denies any allegations in Paragraph 10 that are inconsistent with the terms of the Policy. Accordingly, State Farm admits it provided the coverages set forth in the Policy.

99691789.v1

11. Paragraph 11 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, State Farm denies the allegations contained in Paragraph 11 of the Complaint and demands strict proof thereof.

12. Paragraph 12 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, State Farm denies the allegations contained in Paragraph 12 of the Complaint and demands strict proof thereof.

13. Paragraph 13 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, State Farm denies the allegations contained in Paragraph 13 of the Complaint and demands strict proof thereof.

14. The allegations in Paragraph 14 of the Complaint are denied as written, and State Farm demands strict proof thereof.

15. The allegations in Paragraph 15 of the Complaint are denied as written, and State Farm demands strict proof thereof.

## AS TO THE SECOND CAUSE OF ACTION

16. Answering Paragraph 16 of the Complaint, State Farm realleges and incorporates by reference its answers to the preceding paragraphs as if set forth verbatim herein.

17. Answering Paragraph 17 of the Complaint, State Farm admits it issued the Policy to Plaintiff. The Policy speaks for itself, and State Farm denies any allegations inconsistent therewith.

18. Answering Paragraph 18 of the Complaint, State Farm admits Plaintiff submitted a Claim for the alleged loss. State Farm denies the remaining allegations of Paragraph 18 and demands strict proof thereof.

3

19.     State Farm denies the allegations contained in Paragraph 19 of the Complaint and demands strict proof thereof.

20.     Paragraph 20 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, State Farm denies the allegations contained in Paragraph 20 of the Complaint and demands strict proof thereof.

21.     Paragraph 21 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, State Farm denies the allegations contained in Paragraph 21 of the Complaint and demands strict proof thereof.

## AS TO THE THIRD CAUSE OF ACTION
### (Breach of Contract)

22.     Answering Paragraph 22 of the Complaint, State Farm realleges and incorporates by reference its answers to the preceding paragraphs as if set forth verbatim herein.

23.     Answering Paragraph 23 of the Complaint, State Farm admits it issued the Policy to Plaintiff. The Policy speaks for itself, and State Farm denies any allegations inconsistent therewith.

24.     State Farm denies as written the allegations contained in Paragraph 24 of the Complaint and demands strict proof thereof.

25.     State Farm denies as written the allegations contained in Paragraph 25 of the Complaint and demands strict proof thereof.

26.     State Farm denies the allegations contained in Paragraph 26 of the Complaint and demands strict proof thereof.

27.     Responding to Plaintiff's Prayer for Relief contained in the final paragraph of the Complaint beginning with "WHEREFORE," State Farm denies Plaintiff is entitled to judgment

99691789.v1

against State Farm, or that Plaintiff is entitled to damages or any other form of relief and specifically contests all damages sought by Plaintiff.

### AFFIRMATIVE DEFENSES

### FOR A FIRST AFFIRMATIVE DEFENSE
**(Failure to State Facts Sufficient to Constitute a Cause of Action)**

28.     State Farm alleges the causes of action included in Plaintiff's Complaint are barred in whole or in part because Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### FOR A SECOND AFFIRMATIVE DEFENSE
**(Waiver and Estoppel)**

29.     Plaintiff's claims are barred by the doctrines of waiver and estoppel.

### FOR A THIRD AFFIRMATIVE DEFENSE
**(Contractual Exclusions, Limitations, and Exceptions)**

30.     State Farm affirmatively avers the Policy is the best evidence of its contents and is pled herein as though copied in its entirety. State Farm specifically denies any allegations which tend to contradict, contravene, or enlarge upon the terms, declarations, endorsements, conditions, exclusions, or limitations of said Policy.

### FOR A FOURTH AFFIRMATIVE DEFENSE
**(Conditions Precedent)**

31.     State Farm affirmatively pleads all conditions precedent, conditions subsequent, exclusions, and limitations set forth in the Policy as defenses to Plaintiff's claims.

### FOR A FIFTH AFFIRMATIVE DEFENSE
**(Lack of Cooperation)**

32.     State Farm asserts the affirmative defense of lack of cooperation by Plaintiff, who has a duty under the contract to cooperate throughout the claims process pursuant to the terms of the Policy.

99691789.v1

## FOR A SIXTH AFFIRMATIVE DEFENSE
### (No Damage)

33.    State Farm avers Plaintiff has not been damaged as a result of any wrongdoing on the part of State Farm.

## FOR A SEVENTH AFFIRMATIVE DEFENSE
### (Failure to Comply with and Breach of the Policy's Terms and Conditions)

34.    Coverage under the Policy is or may be precluded to the extent Plaintiff has or may have failed to comply with and/or breached some or all of Plaintiff's obligations and/or duties under the Policy's terms, conditions, exclusions, limitations, obligations, and/or restrictions.

## FOR AN EIGHTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

35.    Plaintiff's claims are barred, in whole or in part, because Plaintiff has or may have failed to mitigate its alleged damages in this matter.

## FOR A NINTH AFFIRMATIVE DEFENSE
### (Laches)

36.    Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

## FOR A TENTH AFFIRMATIVE DEFENSE
### (Constitutional Limitations on Punitive Damages)

37.    An award of punitive damages would violate the Fifth Amendment and the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution, and Article 1, Section 3 of the South Carolina Constitution in that:

a.    Any award of punitive damages serving a compensatory function is inconsistent with due process guarantees;

b.    Any award of punitive damages based upon the wealth of State Farm violates due process guarantees;

6

99691789.v1

c. The jury's unfettered power to award punitive damages in a discretionary amount completely lacks meaningful standards, is unconstitutionally vague, and is inconsistent with due process guarantees;

d. Even if a standard governing the imposition of punitive damages exists, such "standard" is void for vagueness; and

e. Plaintiff's claim for punitive damages violates the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution to the extent that the amount of punitive damages is based upon the wealth of State Farm.

f. State Farm gives notice that it intends to rely upon the protections and limitations set forth in S.C. Code § 15-32-510, 520, 530, and 540.

### FOR AN ELEVENTH AFFIRMATIVE DEFENSE
**(Reservation of Right to Add Defenses)**

38.    State Farm reserves the right to allege additional defenses as additional facts and circumstances in support of defenses become available.

### FOR A TWELFTH AFFIRMATIVE DEFENSE
**(Accord and Satisfaction)**

39.    Plaintiff's claims are barred by the doctrine of accord and satisfaction because State Farm has already paid the amount Plaintiff is owed as a result of the Claim filed with State Farm.

WHEREFORE, having fully answered Plaintiff's Complaint, State Farm prays the Complaint be dismissed, with prejudice; State Farm asks the Court to award its attorneys' fees and costs to defend this action; and State Farm seeks such other and further relief as the Court may deem just and proper.

99691789.v1

Respectfully submitted,

s/ Lisa B. Bisso
Robert E. Sumner, IV (Fed. Bar No. 10215)
Lisa B. Bisso (Fed. Bar No. 13606)
BUTLER SNOW, LLP
25 Calhoun St., Ste. 250
Charleston, SC  29401
Telephone:  843/277-3700
Facsimile:  843/277-3701
E-Mail:  robert.sumner@butlersnow.com
E-Mail:  lisa.bisso@butlersnow.com

March 9, 2026
Charleston, SC

***Attorneys for Defendant State Farm Fire and Casualty Company***

8

99691789.v1